**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **DEBRA AVRIN and LYNN MURPHY,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**MENTOR WORLDWIDE LLC,**<br><br>     **Defendant.** | **Case No.: SACV 23-02278-CJC (ADSx)**<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE DISTRICT OF COLORADO OR THE DISTRICT OF NEW JERSEY** |

　　　In this case, Plaintiffs Debra Avrin and her husband Lynn Murphy allege Defendant Mentor Worldwide LLC's MemoryGel textured breast implants caused Avrin to develop Breast Implant Associated Anaplastic Large Cell Lymphoma ("BIA-ALCL"). (Dkts. 1-2–1-3 [Complaint, hereinafter "Compl."].)  Plaintiffs allege Defendant concealed the risk of BIA-ALCL associated with its textured breast implants, and assert claims for (1) strict product liability – manufacturing defect, (2) breach of implied warranty, (3) strict liability – failure to warn, (4) negligence *per se*, and (5) loss of consortium.  (*Id.* ¶¶ 43, 218–290.)

Plaintiffs are Colorado residents.  (Compl. ¶¶ 6–7.)  Defendant is a limited liability company organized and existing under Delaware law.  (Dkt. 1 ¶ 13.)  A limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant's sole member, Ethicon, Inc., is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  (Dkt. 1 ¶ 13.)

In general, venue is proper in any district where "any defendant resides, if all defendants are residents of the State in which the district is located" or where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391 (b)(1)–(2).  Plaintiffs filed this case in California on the apparently mistaken belief that Defendant's principal place of business and headquarters are in California.  (Compl. ¶¶ 8, 17, 20.)  But in fact, it does not appear that California has any connection to the parties or this case at all.

When a party files a case in an improper venue, the court "shall dismiss" the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In addition, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Courts may transfer cases under Section 1404(a) *sua sponte*, "so long as the parties are first given the opportunity to present their views on the issue."  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  To determine whether convenience and the interests of justice favor transfer, courts consider factors including (1) the location where relevant agreements were negotiated and executed, (2) the state most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the contacts relating to the plaintiff's claim in

the chosen forum, (6) the litigation cost differences in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).  Courts have broad discretion to decide motions to transfer with individualized, case-by-case consideration, *Jones*, 211 F.3d at 498, and must undertake a "flexible and individualized analysis" of relevant factors, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

It appears to the Court that venue is not proper in this district and that the interests of justice require transfer of this case to either the District of Colorado or the District of New Jersey.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (affirming dismissal after district court *sua sponte* raised issue of improper venue).  The first factor, the location where relevant agreements were negotiated and executed, does not apply here because there are no agreements relevant to the parties' dispute.  The second and third factors, the state most familiar with the governing law and the plaintiff's choice of forum, are neutral because Plaintiffs appear to have chosen to sue in California and base their claims on California law on the mistaken belief that Defendant is headquartered in California.  Moreover, courts give a plaintiff's choice of forum "considerably less weight" when, as here, the plaintiff does not reside in the selected forum and the forum lacks any significant contact with the defendant's challenged conduct.  *See Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. Mar. 9, 2009); *Arcona, Inc. v. Farmacy Beauty, LLC*, 2018 WL 1441155, at *8 (C.D. Cal. Mar. 22, 2018) (explaining that it is "particularly true" that a plaintiff's choice of venue is accorded deference "when the plaintiff chooses to litigate in their home forum"); *Sweet-Reddy v. Vons Companies Inc.*, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) ("Additionally, if the plaintiff's forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice of forum will be given considerably less weight."); *Signal IP, Inc. v. Ford Motor Co.*, 2014 WL 4783537, at *3 (C.D. Cal. Sept. 25, 2014) (explaining that

deference to the plaintiff's choice of forum may be lessened when "the chosen forum lacks a significant connection to the activities alleged in the complaint").

The fourth and fifth factors, the parties' contacts with the forum and the contacts relating to the plaintiff's claim in the chosen forum, weigh strongly in favor of transfer, as the parties appear to have no contacts with California relevant to this dispute. The sixth factor is neutral, as there are not likely significant cost differences between litigating a case in California versus in Colorado or New Jersey. The seventh and eighth factors, the availability of compulsory process and the ease of access to sources of proof, also weigh heavily in favor of transfer, as there appear to be no relevant witnesses or sources of proof located in California. "Finally, given that the action has no real relation to this forum, it would be unfair to impose jury duty on the citizens here." *Megtech, Inc. v. Edible Arrangements, LLC*, 2010 WL 11512215, at *5 (C.D. Cal. Jan. 11, 2010).

Accordingly, the Court **ORDERS** the parties to show cause in writing by **February 21, 2024** why this case should not be transferred. In their briefing, the parties should also address the appropriate district for transfer of the case. The February 12, 2024 hearing on Defendant's motion to dismiss Plaintiffs' Complaint (Dkt. 10) is **VACATED**. The Court will recalendar the hearing on Defendant's motion to dismiss if the case is not transferred.

DATED:     February 7, 2024

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE